UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Jonathan Alvarado,
        Petitioner,

                                    Civil No. 3:04CV1743(CFD)
                                    Crim. No. 3:02CR376(CFD)
            v

United States of America,
        Respondents.              MEMORANDUM OF LAW

Memorandum of Law in Support of Motion for Leave
        to Amend 28 USC §2255 Motion

    Title 28 USC  §2242 provides that Habeas Corpus

applications "may be amended or supplemented as provided in

rules of procedure applicable to civil actions." Rule 12

of the Rules Governing 28 USC §2255  proceedings authorizes

the use of the Federal Rules of Civil Procedure to be applied

to §2255 proceedings.

    The Federal Rules of Civil Procedure, Rule 15(a) gives

habeas corpus petitioner's like other civil complaintants the

right to amend the petition once without leave of the court

"at any time before [the government files] a responsive."

See e.g. Willis v Collins, 989 F2d 187, 189(5th Cir.1993).

After the petitioner files one preanswer amendment or the

respondent submits an answer or other responsive pleadings, Civil Rule 15 permits amendment "by leave of court or by written consent of the adverse party." See Withrow v Williams, 113 S.CT. 1745, 1755-56(1993). Leave to amend shall be freely given when justice so requires. See, e.g., Sanders v United States, 373 US 1, 10 L.Ed2d 148, 83 S.CT. 1068(1963); Ching v United States, 298 F.3d 174 (2nd Cir. 2002)(allowing amendment of §2255 motion).

In addition, the petitioner seeks to withdraw all previous claims related to the decision in Blakely v Washington, supra, and United States v Booker, 125 S.Ct. 738(2005). The petitioner withdraws these claims voluntarily, knowingly and intelligiently. (See Affidavit of Jonathan Alvarado). The petitioner intends to pursue his ineffective assistance of counsel claim.The granting of this amendment would not prejudice the government because it only serves to narrow the issues, which have already been presented. Furthermore, the amendment incorporates the petitioner's reply to the government's affirmative defense (waiver of § 2255 right), that was raised in the government's response.

The petitioner intends for this single cause of action to replace all other pleadings submitted in this action. Moreover, the petitioner request that the Court strikes all pleadings and defenses unrelated to this cause

2

of aaction. Including, but not limited to , all Blakely/
Booker claims and defenses, and all ineffective assistance
of counsel claims related to safety valve,and role enhancements
stipulation. This issues are no longer relevant to
petitioner's amended petition and shoul be striken accordingly.
Fed.R.Civ.P Rule 12(f).

## STATEMENT OF FACTS

On December 30, 2002 a grand jury sitting in Hartford,
Connecticut returned a twelve-count indictment which charged
the petitioner, along with two co-defendants, with heroin
distribution offenses. Specifically, in count one, the
petitioner was charged with conspiracy to possess with the
intent to distribute and distribution of 100 grams or more
of heroin, in violation of 21 USC §846 and 21 USC §841(b)
(1)(B). In counts two through twelve, the petitioner was
charged with substantive counts of possession with intent
to distribute and distribution of  a mixture and substance
containing a detectable amount of heroin , in violation of
21 USC §841(b)(1)(B).

At the advise of counsel, petitioner entered  a guilty
plea--pursuant to a written plea agreement--on May 5, 2003.
The petitioner plead guilty to count one of the indictment,
that is conspiring to possess with the intent to distribute

and distribution of 100 grams or more of heroin. Specifically, the petitioner admitted that he was responsible for 153.9 grams of heroin. This drug quantity was based on the aggregated amounts of eight seperate violations, or instances where petitioner participated in drug transactions. This quantity averages out to approxiamately 18 grams a sale.

DISCUSSION

The prosecutions summary indicates that an undercover law enforcement officer had been involved in the purchase of heroin from the petitioner on multiple occasions between April 23, 2002 and October 28, 2002. The government claims that there was a time when the heroin was delivered by associates of the petitioner. That on at least eight occasions, the substance purchased from the petitioner was tested and weighed by law enforcement. And that the total amount obtained over the eight occasions was determined to have a net weight of 153.9 grams. (See Plea Transcripts 5/5/03 pp. 32-34).

The government did not prove that petitioner was guilty of the statutory offense of §841(b)(1)(B) due to the fact that the factual basis of the offense was insufficient to satisfy the element of the offense, in particular, that petitioner distributed 100 grams or more of heroin. Moreover, each instance the petitioner made a sale of heroin the

quantity involved was approxiamately between 10-12 grams
of heroin. (See Affidavit of Jonathan Alvarado ¶3). There is
no single violation where petitioner sold more than 100 grams
of heroin. Noteably, the indictment charges petitioner in
counts two, five, seven, eight, nine, ten, eleven, and twelve
with substantive narcotic violations in which petitioner
acted alone. These counts are not part of the consipiracy.
The conspiracy only involves counts one, three, four and
six.[1]  But, the government , during the plea hearing
explicitly excluded the conduct charged in counts three and
four from the factual basis of the offense.[2]  Therefore,
the only substantive count that was involved in the consipiracy
only involved a quantity at best of 18 grams of heroin. This
quantity is substantially below the threshold quantity
necessary to trigger the mandatory statutory minimum and
statutory maximum of the offense of conviction.

---

1) Petitioner, Edwin Nunez and Eddie Orellana are the co-
conspirators  charged in count one. (conspiracy count). The
substantive counts relevant to count one include counts three,
four and six. Counts three and four alleges petitioner and
Eddie Orellana as co-defendants . Count six alleges petitioner
and Edwin Nunez as co-defendants.

2) The indictment alleges that the conspiracy took place between
June 1, 2001 until December 19,2002. However, the government
limited the time frame during the factual basis summary by stating
the conspiracy took place between April 23, 2002 and October 28
,2002. This effectively excluded the substantive counts three
and four that occurred on June 1,2001 and November 2,2001, respectively.

Despite these facts, which are apparent from the face of the record, defense counsel did no investigation and research into the case to determine whether the charge was substantiated by the evidence. The petitioner discussed the facts of the case with Mr. Mastonardi prior to signing the plea agreement.  The petitioner informed counsel that he did most the sales alone, and that having someone else was the exception. The petitioner further informed counsel that all the sales involved small quantities of heroin. ( See Affidavit of Jonathan Alvarado ¶3). A reasonable investigation would have disclosed that the enhanced statutory mandatory minimum and maximum did not apply in this case. That investigation would have reveal that the petitioner did not have a single "violation" to trigger the enhance penalties for §841(b)(1)(B) involving 100 grams or more of heroin.

This incorrect legal advise compromised petitioner's choice to accept the plea agreement and waive valuable constitutional rights or stand innocent of the offense charged and put the government to there burden of proof. Obviously, based on the record the petitioner  is prejudice due to the fact that he is convicted of an offence he did not commit. The guilty plea does not cure the defect in the proceedings. Moreover, petitioner is actually innocent of distributing in amounts greater than 100 grams of heroin. Petitioner's attorney was ineffective for allowing him to plead guilty to an offense he did not commit, advising him

that a five (5) year mandatory minimum and statutory maximum
of forty (40) years applied to his offense, when he was only
facing a twenty (20) year maximum penalty and no mandatory
minimum. If the petitioner was not given incorrect legal
advise he would have went to trial on the indictment.

### MEMORANDUM OF LAW IN SUPPORT OF AMENDED §2255 MOTION

**DEFENSE COUNSEL WAS INEFFECTIVE FOR ADVISING PETITIONER THAT HE WAS FACING A MANDATORY MINIMUM AND ENHANCED MAXIMUM PENALTY UNDER THE STATUTE BASED ON RELEVANT CONDUCT, WHEN PETITIONER DID NOT HAVE A SINGLE "VIOLATION" OF 21 USC § 841(b)(1)(B) FOR PURPOSES OF TRIGGERING THE ENHANCED PENALTIES.**

## STANDARD OF REVIEW

Claims of ineffective assistance of counsel are
evaluated under <u>Strickland v Washington</u>, 466 US 668(1984).
The Strickland court established a two-prong test, the
petitioner must prove (1) that counsel's performance fell
below an objective standard of reasonableness and (2)
that counsel's deficient performance prejudice the defendant,
resulting in an unreliable or fundamentally unfair outcome
in the proceeding. In the context of guilty pleas the
Strickland test applied in <u>Hill v Lockhart</u>, 474 US 52 (1985)
governs this proceeding.

## LAPSE IN REPRESENTATION

Counsel suffered a lapse in representation when he wrongly advised petitioner as to the penalties associated with the charges. A reasonable attorney would have realized that the government overcharged petitioner in count one of the indictment. Certainly, the law is settled in this circuit that relevant conduct cannot serve as a basis to trigger statutory mandatory minimums and increase statutory maximums under §841. See United States v Harrison, 241 F.3d 289(2nd Cir. 2001)(holding that aggregation of multiple substantive counts does not trigger five-year mandatory minimum.)

In Harrison, the Second Circuit reach this conclusion in a brief opinion by adopting the reasoning of United States v Winston, 37 F.3d 235 (6th Cir. 1994). In Winston, the defendant was convicted, after a juty trial, of three seperate counts: a count of conspiracy to possess in excess of fifty grams of crack cocaine; a count of possession of twenty-three grams of crack cocaine; and a count of possession of thirty-seven grams of crack cocaine. Neither of the possession counts, taken individually, involved a quantity of crack cocaine large enough to trigger the mandatory minimum sentence, as each count involved a seperate violation of 21 USC §841(a)(1). For those reasons, the Winston defendant could not be sentenced to a mandatory

8

term of life imprisonment under §841(b)(1)(A). In reaching that conclusion, the Circuit looked to the legislative history of the statute and determined that, in using the term 'a violation' in §841(b)(1)(A), Congress intended to target major drug dealers and manufacturers as opposed to small time dealers and users. <u>Winston</u>, 37 F.3d at 240-41. "If we were to construe 21 USC §841(b)(1)(A) as applying to aggregate amounts of drugs held on various seperate occasions, it could be used against small-time dealers or users who never possess more than a few grams at a time." Id. at 241. Winston thus specifically held that discrete acts of possession cannot be aggregated for purposes of calculating the quantity necessary to trigger a mandatory minimum sentence for 'a violation' of 21 USC § 841(a)(1).

Likewise, in petitioner's case all of the quantities were sold on seperate occasions and were all less than 100 grams of heroin required to trigger the enhance penalties. When one reviews the government's factual basis, read together with the indictment, the record reveals that seven out of eight of the transactions charged, involved the petitioner acting alone. The substantive counts did not disclose the existence of a conspiracy, but rather seven discrete violations of §841. The one count that does include

a co-conspirator (Edwin Nunez) involved a drug quantity substantially less than required to satisfy the elements of §841(b)(1)(B). Counsel was ineffective for not noticing the error in the statutory charge.

PREJUDICE

The petitioner was prejudice by the advise and representation of Mr. Mastronardi because he has been convicted of a statute which he is actually innocent of. See Bousley v. United States, 523 US 614(1998)(actual innocence means factually innocent). As explained in this Memorandum of law, the petitioner has made a colorable showing of factual innocence of the statute of conviction §841(b)(1)(B).

Furthermore, the petitioner was misinformed about the potential penalties of the offense. Had petitioner know that he was only facing 20 years and no mandatory minimum, rather than a  five year mandatory minimum and forty year maximum, he would have had much less incentive to plead guilty. Moreover, the petitioner was not in a position to make a knowing and rational choice about pleading guilty and fore-going his right to trial. See United States v Harrington, 354 F.3d 178, 185-85(2nd Cir. 2004)(recognizing that a inducement to plea, where a defendant has been informed, that he is facing such a sentence, that information is presumptively significant in the defendant's decision-making). The petitioner has made a sufficient showing of prejudice.

## THE PETITIONER DID NOT WAIVE HIS RIGHT TO COLLATERALLY ATTACK HIS CONVICTION

The government contends that the petitioner waived his right to collateral attack and therefore the §2255 petition should be dismissed. The petitioner submits that a waiver of collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement. This court should decline to enforce a waiver of the right to file a section §2255 motion since petitioner claimis that he agreed to the waiver without the assistance of counsel. See e.g. Frederick v Warden, 308 F.3d 192, 194-95(2nd Cir. 2002)(citation omitted);United States  v Hernandez, 242 F.3d 110, 113-114 (2nd Cir 2001)(percuriam)(declining to enforce a waiver of appellate rights where defendant sought to challenge on appeal the constitutionality of the process by which the appeal rights were waived). The governments argument should be rejected.

## CONCLUSION

The petitioner respectfully request that the court withdraw the unconstitutional guilty plea, vacate the conviction or in the alternative, grant a hearing on the claim and whatever other relief deemed just and appropriate.

11

The foregoing is stated under penalties of perjury .
28 USC §1746.

February 26, 2005

Respectfully Submitted,

Jonathan Alvarado
Reg. # 15017-014
FCI Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

## CERTIFICATE OF SERVICE

I Certify that on February 28, 2005, I Jonathan Alvarado
mailed a copy of the enclosed legal documentation via first
class mail to the following parties listed below:

Stephen C. Robinson, United States Attorney
450 Main St.
Hartford, Connecticut 06103

I Jonathan Alvarado do swear or declare that this document
was given to prison officials on Feb. 28, 2005, for forwarding
to the Court. I, Jonathan Alvarado do certify under the
peanlty of perjury that the forgoing is true and correct
pursuant to 28 USC §1746.

Jonathan Alvarado

12

AO 243
REV 6/82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: **THE PETITIONER WAS SENTENCED PURSUANT TO UNCONSTIT-UTIONAL GUIDELINES**

Supporting FACTS (tell your story *briefly* without citing cases or law: The petitioner contends that it was error for him to be sentenced pursuant to the federal sentencing guidelines, which allows judicial factfinding that is based upon a preponderance of evidence standard at sentencing rather than a reasonable doubt standard; thereby, allowing enhancements that are not proven beyond a reasonable doubt to a jury or admitted to.

B. Ground two: **THE PETITIONER WAS SENTENCED BASED UPON 'RELEVANT CONDUCT' AND A 'ROLE ENHANCEMENT', WHICH WAS NOT PROVEN BEYOND A REASONABLE DOUBT NOR ADMITTED TO WITHIN THE PLEA AGREEMENT**

Supporting FACTS (tell your story *briefly* without citing cases or law): The petitioner's Sixth amendment right to trial by jury was violated when he was convicted of an offense, in which each element was not proven beyond a reasonable doubt resulting in a due process violation requiring a 'due process analysis' rather than a retroactivity analysis.

C. Ground three: **THE DEFENSE COUNSEL WAS INEFFECTIVE FOR RELIEVING THE GOVERNMENT OF ITS BURDEN OF PROOF BY AGREEING TO 'RELEVANT CONDUCT' AND FAILING TO INFORM THE DEFENDANT THAT 'RELEVANT CONDUCT' HAD TO BE PROVEN.**

Supporting FACTS (tell your story *briefly* without citing cases or law): The defense counsel and the Court failed to fully inform the petitioner prior to his plea of guilty, that it was the government's burden to prove each and every material fact essential to punishment beyond a reasonable doubt pursuant to In Re Winship, which affected the petitioner's decision.

(5)