UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. | 3:02cr376 (CFD) |
| | : | Civil No. | 3:04cv1743 (CFD) |
| | : | | |
| v. | : | | |
| | : | | |
| | : | September 23, 2005 | |
| JONATHAN ALVARADO | : | | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S
MOTION FOR LEAVE TO AMEND HIS 28 U.S.C. § 2255 MOTION**

The Government hereby opposes petitioner Alvarado's Motion for Leave to Amend his motion pursuant to §2255 because petitioner's claim is meritless and granting the motion would be futile.

**Background**

Procedural Background

On December 30, 2002, an indictment was returned by a federal grand jury in Hartford, Connecticut which charged the defendant with one count of conspiracy to possess with the intent to distribute and distribution of more than 100 grams of heroin[1] and eleven counts of possession with the intent to distribute and distribution of a mixture and substance containing a detectable amount of heroin.[2] On May 5, 2003, the defendant pleaded guilty--pursuant to a written plea agreement--to Count One, that is conspiring to possess with the intent to distribute and

---

[1] In violation of 21 U.S.C. § 846.

[2] In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

distribution of 100 grams or more of heroin. A five-year mandatory minimum term of imprisonment applies to this offense. On October 28, 2003, the Court sentenced the defendant to serve a 63 month term of incarceration to be followed by 4 years of supervised release. This sentence was at the bottom of the sentencing range to which the parties had agreed in the plea agreement. Further, in the plea agreement and the plea hearing, the defendant agreed to waive his right to appeal or file a Motion pursuant to §2255.

In spite of his waiver, the defendant filed on October 18, 2004 a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. On January 20, 2005, the defendant served the United States Attorney's Office with a Motion to Amend the motion he filed on October 18, 2005. The defendant filed no direct appeal to challenge his conviction or sentence.

On February 11, 2005, the Government filed a response to both motions filed by the defendant. After receiving the Government's response, the defendant filed the instant Motion for Leave to Amend 28 USC §2255 Motion. The court ordered on September 9, 2005 that the Government file this response by September 23, 2005.

### Petitioner Alvardo's Claim

In this latest submission, petitioner Alvarado claims that his counsel was ineffective because he advised Alvarado that a five year mandatory minimum applied in Alvarado's case. (Def. Mot at 8-10). In his motion, the petitioner claims he would not have pleaded guilty if he had not relied on the erroneous advice of counsel (Def. Afft. at 2.) and now seeks permission to withdraw his guilty plea, have the court vacate his conviction, or in the alternative, grant a hearing. (Def. Mot. at 11). As further explained below, defense counsel's advice was correct.

Therefore, petitioner's claim is futile and should be denied.

The petitioner correctly indicates that the standard for granting or denying a motion to amend a habeas petition is governed by Federal Rule of Civil Procedure 15(a). It states that "leave [to amend] shall be freely given when justice so requires." F.R.C.P. 15; Littlejohn v. Artuz, 271 F.3d 360, 363 (2nd Cir. 2001); Ching v. United States, 298 F.3d 174, 180 (2nd Cir. 2002). However, the petitioner fails to acknowledge that a district court may properly deny leave when amendment would be futile as in petitioner Alvarado's case. Jones v. New York State Division of Military and Naval Affairs, 166 F.3d 45, 50 (2nd Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 182 (1962).

Petitioner bases his new claim on the fact that each individual drug sale in the eleven substantive counts of the indictment did not exceed 100 grams of heroin, and therefore, aggregating the quantities to trigger the mandatory minimum was improper. Petitioner's claims would be correct, but for the fact that he pleaded guilty to the conspiracy count. Application of the mandatory minimum based on an aggregate quantity is entirely proper when a defendant pleads guilty to a conspiracy charge.

Although a charged drug conspiracy may be comprised of several separate drug transactions, it is a single unified offense, and as such it is appropriate to aggregate multiple transactions committed as part of a conspiracy to determine whether the amount of drugs involved reached 21 U.S.C. 841(b)'s threshold for sentencing at a mandatory minimum level. United States v. Gori, 324 F.3d 234, 237 (3rd Cir. 2003), relying on United States v. Pruitt, 156 F.3d 638, 644-45 (6th Cir. 1998) (aggregating multiple transactions committed as part of a conspiracy in determining whether the amount of drugs involved reached § 841(b)'s threshold);

United States v. Walker, 160 F.3d 1078, 1093 (6th Cir. 1998) ("[A] conspiracy is a single violation of the drug laws, and the fact that this particular conspiracy was characterized by separate transactions is a fact of no legal significance.").

Like the defendant in Gori, petitioner Alvarado bases his legal argument (Def. Mot. at 8) on United States v. Winston, 37 F.3d 235, 240-241 (6th Cir. 1994), in which the court found that Winston did not meet the threshold drug quantity (50 grams or more of crack) to trigger the mandatory minimum sentence pursuant to §841(b)(1)(A) after he was convicted of both a drug distribution conspiracy[3] count involving 23 grams of crack and a substantive drug count (possession with the intent to distribute) involving 37 grams of crack because the court found that the substantive count was not part of the conspiracy.

However, the court's decision in Winston "did not extend to [situations where] multiple drug transactions are part of a conspiracy." Gori at 237.  In petitioner Alvarado's case, because he pleaded guilty to conspiracy to distribute 100 grams or more of heroin and the multiple drug transactions charged in the substantive counts of the indictment are, in fact, part of the conspiracy, the court's decision in Gori applies.  Thus, the drug quantity in this case was properly aggregated and the five year mandatory minimum was appropriately triggered.  Further, the advice petitioner received from defense counsel, i.e. that the five year mandatory minimum applied in Alvarado's case was correct legal advice.  As a result, Petitioner Alvarado's claim that

---

[3] Defendant was convicted of conspiracy to possess with the intent to distribute and distribution of 50 grams or more of crack, however the court found the evidence showed the conspiracy only involved a single transaction with 23 grams of crack.

his attorney provided ineffective assistance by providing such advice is plainly without merit and futile.

Therefore, the Government requests that Petitioner's Motion for Leave to Amend his §2255 Motion be denied.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


ANASTASIA ENOS KING
ASSISTANT UNITED STATES ATTORNEY
450 Main Street
Hartford, Connecticut  06103
Telephone (860) 947-1101
Federal Bar No. CT20451

**CERTIFICATE OF SERVICE**

     A true and correct copy of the foregoing was forwarded via U.S. Mail, First Class, postage prepaid, on this 23rd day of September, 2005 to:

Mr. Jonathan Alvarado
Reg. Number 15017-014
FCI Fort Dix
P.O. Box 38
Fort Dix, New Jersey  080640

_____
ANASTASIA ENOS KING
ASSISTANT UNITED STATES ATTORNEY